**Ray MARSHALL, Secretary of Labor, United States Department of Labor, Plaintiff-Appellee,**

v.

**LOCAL UNION 1374, INTERNATIONAL ASSOCIATION OF MACHINISTS AND AEROSPACE WORKERS, AFL–CIO, Defendant-Appellant.**

No. 76–2788.

United States Court of Appeals, Ninth Circuit.

June 27, 1977.

As Amended Aug. 12, 1977.

---

John R. Burns, Hafer, Cassidy & Price, Seattle, Wash., for defendant-appellant.

Frederic D. Cohen, Civ. Div., U.S. Dept. of Justice, Washington, D.C., for plaintiff-appellee.

Before WRIGHT, KILKENNY and ANDERSON, Circuit Judges.

J. BLAINE ANDERSON, Circuit Judge:

■ Appellee, Secretary of Labor, commenced this action against appellant, Local Union 1374, under Title IV of the Labor-Management Reporting and Disclosure Act of 1959, 29 U.S.C. § 401, *et seq.* The Secretary, alleging that Local Union 1374 had failed to hold an election of officers every three years as required by 29 U.S.C. § 481(b), sought a judgment direct-

ing Local 1374 to conduct nominations and an election of all officers under the Secretary's supervision pursuant to 29 U.S.C. § 482(c). The district court granted the Secretary's motion for summary judgment and the Local has appealed.[1]

The pertinent facts disclose that Local Union 1374 last conducted a regular election in September, 1971. The next regular election was scheduled for the fall of 1974 in accordance with the union's constitution. All 800 members were mailed written notices that a nomination meeting was scheduled for September 19, 1974. Only fourteen members of Local 1374 appeared at this nomination meeting. The incumbent president, citing the Local's bylaws which required a quorum of fifteen members to be present, refused to call the meeting to order and no nominations were received.

Complainant Frank Kasziewicz protested this procedure to Local 1374, who, in turn, appealed to the International Union for an opinion. On November 11, 1974, the International president rendered his decision which stated in pertinent part:

"If the lodge membership, in fact, was given notification as required of the nomination meeting and the lack of a quorum occurred, then no further nominations are required and the present officers and delegates are automatically elected to an additional term." (C.R. 20)

Following International's denial of his letter protest, Kasziewicz filed a complaint with the Secretary of Labor pursuant to 29 U.S.C. § 482(a)(2), on January 13, 1975. After conducting his investigation, the Secretary brought the instant suit against Local 1374, alleging violations of §§ 401(b), (e) of the Act, 29 U.S.C. § 481(b) and (e). This complaint was filed on March 17, 1975.

On October 9, 1975, Local 1374 filed a motion to dismiss contending that the Secretary, in not bringing suit until the 63rd day following its receipt of a complaint from a union member, did not comply with 29 U.S.C. § 482(b) which states that such suits "shall" be brought within 60 days after the receipt of a complaint from a union member. On November 12, 1975, the district court, in denying Local 1374's motion to dismiss, stated:

"It appearing that § 482(b) is not jurisdictional and is not in the nature of a Statute of Limitations, but is a directive to the Secretary of Labor and the Court should consider the rights of all parties affected, . . .." (C.R. 18)

Reaching the merits, the district court adopted the Response and Recommendation of the Magistrate, finding that Local 1374, in not holding an election every three years, was in violation of 29 U.S.C. § 481(b) and, accordingly, granted the Secretary's motion for summary judgment. Local 1374 unsuccessfully sought stays from the district court, this court and Mr. Justice Rehnquist. On September 20, 1976, this court denied Local 1374's motion for expedited review. A special election ordered by the district court was held on November 18, 1976.

The issues presented by this appeal are twofold. First, whether the 60-day time limit contained in 29 U.S.C. § 482(b) is jurisdictional. Second, whether the district court erred in finding that the union's action, in automatically reelecting the incum-

---

1. At oral argument this panel expressed a concern about the possibile presence of a mootness issue. Counsel for all parties, in urging that the case was not moot, directed our attention to *Wirtz v. Local 153, Glass Bottle Blowers Association, infra* (holding that an unsupervised election did not moot a pending appeal) and also correctly noted that under 29 U.S.C. § 482(b) "an order directing an election shall not be stayed pending appeal." In fact, the district court, this court and Mr. Jus-

tice Rehnquist all denied stays in this case. Counsel also convinced us that there was still a "case or controversy" in that then office-holders and those seeking office would be affected by our decision. Moreover, we note that there is a strong possibility of recurrence which would escape judicial review if we were to hold that this case was moot. We decline to so hold and accordingly proceed to the merits.

bent officers because of the failure to obtain a quorum at the nomination meeting, violated 29 U.S.C. § 481(b). Answering both questions in the negative, we affirm the district court.

29 U.S.C. § 482 sets out the procedure for handling union election complaints. Any member of a labor union who contends that the union has violated the Act may, after exhausting the internal union remedies, file a complaint with the Secretary of Labor. The Secretary, after receiving such complaint, is then guided by § 482(b), which states in pertinent part:

"(b) The Secretary shall investigate such complaint and, if he finds probable cause to believe that a violation of this subchapter has occurred and has not been remedied, he shall, within sixty days after the filing of such complaint, bring a civil action . . . ."

In the present case the union member's complaint was filed with the Secretary on January 13, 1975. Friday, March 14, 1975, was the 60th day following the Secretary's receipt of the complaint. This action was filed by the Secretary on Monday, March 17, 1975, three days late, but only one working day outside § 482(b)'s time limits.

We start our analysis with the premise that the language of the statute must be construed to best serve the purposes of the statute. In *Wirtz v. Local 153, Glass Bottle Blowers Association,* 389 U.S. 463, 88 S.Ct. 643, 19 L.Ed.2d 705 (1968), the Supreme Court, in interpreting another portion of § 482(b), which also contained the word "shall," stated this guideline:

"We have cautioned against a literal reading of congressional labor legislation; such legislation is often the product of conflict and compromise between strongly held and opposed views, and its proper construction frequently requires consideration of its wording against the background of its legislative history and in the light of the general objectives Con-

gress sought to achieve." 389 U.S. at 468, 88 S.Ct. at 646.

Other circuits, in dealing with § 482(b), have not treated the 60-day time limit as an absolute jurisdictional requirement, but rather have found that certain equitable considerations have mandated an extension of the 60-day time limit. The time period has been extended when there has been a written waiver executed by union officials, *Hodgson v. Lodge 851, Int. Ass'n of Mach. & Aerospace Workers,* 454 F.2d 545 (7th Cir. 1971), and also where the union has obstructed the Secretary in the investigation of a complaint, *Brennan v. Independent Lift Truck Builders Union,* 490 F.2d 213 (7th Cir. 1974); *Hodgson v. International Printing Pressmen,* 440 F.2d 1113 (6th Cir. 1971), *cert. denied,* 404 U.S. 828, 92 S.Ct. 63, 30 L.Ed.2d 56. Although neither situation is present here, it must be noted, as did the court in *Hodgson v. Local 851, supra,* that if the time limitation in § 482(b) is held to be jurisdictional, then allowing the time limits to be waived would run afoul of the rule that parties cannot confer jurisdiction on a court by agreement.

■ We also find that there is no language in § 482(b) that specifies what, if any, adverse consequences will flow from the Secretary's failure to file within 60 days. As the court in *Fort Worth National Corporation v. Federal Savings and Loan Insurance Corporation,* 469 F.2d 47 (5th Cir. 1972), stated:

"A statutory time period is not mandatory unless it both expressly requires an agency or public official to act within a particular time period and specifies a consequence for failure to comply with the provision." 469 F.2d at 58.

Accordingly, we conclude that the 60-day time limit in § 482(b) is not a jurisdictional requirement and agree with the district court's finding that the time limit "is a directive to the Secretary of Labor and the court should consider the rights of all parties affected, . . . ." (C.R. 18) in order

to evaluate what action will best serve the purposes of the statute.[2]

The purpose of the statute is to protect the individual union members by insuring free and democratic elections. The statute was enacted to insure prompt resolutions of election disputes and to provide an effective remedy for election irregularities. *Wirtz v. Local 153, Glass Bottle Blowers Ass'n, supra.* These purposes can only be served by allowing this complaint, filed one working day late, to be heard upon its merits. The complaining union member, having properly brought his complaint to the attention of the Secretary, would be left without any remedy, through no fault of his own, if we were to hold that the 60-day time limit was an absolute bar. We do not believe that Congress intended that seemingly meritorious claims should go unremedied simply because the Secretary filed his complaint one working day late, and, accordingly, affirm the district court's denial of the motion to dismiss.

■ Proceeding to the merits of the Secretary's complaint, the relevant statute is 29 U.S.C. § 481(b), which states:

> "(b) Every local labor organization shall elect its officers not less often than once every three years by secret ballot among the members in good standing."

In this case the last regularly-scheduled election was held in September, 1971. The 1974 election was not held because attendance at a nomination meeting was below the quorum necessary to proceed. The nomination meeting was not rescheduled, but rather the union's International president ruled that the incumbent members were deemed re-elected for another three-year term.

The automatic reelection of the incumbents in this case clearly was not the result of a free and democratic election and is the type of proceeding that Congress intended to prevent. In *Writz v. Local 153, Glass Bottle Blowers Association, supra,* the court noted that the congressional inquiries into the area disclosed "how incumbents' use of their inherent advantage over potential rank and file challengers established and perpetuated dynastic control of some unions." In this case the incumbents were reelected simply because they were incumbents, which perpetuates their control over the union and disregards the union members' right to participate in a statutorily-required election.

The union could have pursued alternatives that would have satisfied the statute's requirements. Initially, the union could have postponed the taking of nominations until the next monthly meeting, at which a quorum was present. (C.R. 21) Even assuming that a quorum could not be established in the ensuing meetings, the union could have provided that nominations be submitted to an officer or simply held the election with the ballots listing the incumbents and providing space for any write-ins. These procedures would have provided for the holding of an election, thereby satisfying § 481(b)'s requirements.

Since no election was held as required by § 481(b), the district court properly granted summary judgment in favor of the Secretary of Labor.

AFFIRMED.

---

2. We do not feel the conclusion we have reached today is contrary to this court's statement in *Hodgson v. Local U. 400, Bakery & Confectionery W.I.U.,* 491 F.2d 1348 (9th Cir. 1974), wherein we stated, in dicta, that "[t]he 60-day provision limits the Secretary's right to file an action, . . . .." We agree that § 482(b) limits the Secretary's right to file an action, but that it is not an absolute limitation when, if applied as an absolute bar, the purposes of the statute will be frustrated. Additionally, the court in reaching its decision looked to what "better serves the congressional purpose."